May it please the Court, my name is Linda Ziskin, this is Mr. Richard Sly, we're the attorneys for Plaintiff Appellant Claburn Lockwood. There are many errors to choose from in this case, the one that I would like to discuss with the Court this morning is the potentially dispositive issue of the borderline age situation that Ms. Lockwood found herself in at the time of the ALJ decision in this case. I can't figure the case out. Okay. Her activities look so inconsistent with a qualifying disability. It looks like she's an artist, she takes care of her daughter, she does her art, she does her household tasks, she watches the neighbor's children, she volunteers at the daughter's school. She can't walk 10 miles anymore, but who in their 50s can, not too many. And not disabled because you're not a marathon runner anymore in your 40s or 50s. She can stand and walk 6 hours out of 8 and sit 6 hours out of 8, lift 10 or 20 pounds. I don't understand that. And she bicycles around all the time. That's how she gets around. Judge Kleinfeld, she used to be able to do all those things much better than she could at the time of the ALJ decision. Right. I wish I could run a half a marathon as well. That really isn't the issue that I'd like to focus the Court's attention on this morning. The ALJ did find an RFC, a residual functional capacity profile, for her, sticking to the law at age 55 with the profile that the ALJ found. And this is encompassing all of those activities. She was 55. She was 54. That's the issue. Doesn't the ALJ have the discretion not to apply the borderline age? Judge, that's exactly right, but the ALJ must provide some rationale so that this Court and the district court can review that decision. Then that would mean that the rule was 54, not 55. The rule is 55, but there is an SSR, a social security ruling on point, and that's SSR 8310, as well as Federal regulation and internal policy regulations. This is everything that the agency can promulgate. We have everything. And it all says that borderline age is important and it must be considered. And she was only 32 days away from her 55th birthday. Help me understand this. Now, I saw that requirement to consider the borderline age. It didn't say that you needed to say anything, but it did say you have to consider it. That seemed to be in the context of the application of the grids. And here the ALJ requested the VE testimony about what she could do. Now, when is it required? Is there any requirement that the ALJ has to focus on or make some explanation of a borderline age when he brings in VE in? I didn't hear you. Could you go ahead? I can see how with the grids, if you are the difference between 54 and 55 could be you're in a different box. Right. So you could be go from not disabled to disabled. Exactly. But when you bring in the vocational expert, it seems like that then you're no longer relying on the grids. The vocational expert gets the information about the individual and then provides the advice. So because of that, because the ALJ chose to bring the vocational expert in, it didn't seem like that regulation or that requirement was any more applicable. Right. Can you explain to me why? Yeah, actually the grid rule when you hit 55 trumps the VE's testimony. You don't need the VE anymore because the rule in question, the medical vocational guideline or the grid rule directs a finding of disability at age 55. The ALJ said the grids aren't applicable because there are other non-exertional impediments or whatever. And it does seem the rule says if there are the non-exertional or additional impediments that aren't contemplated by the grids, then you need to bring in the VE. Right. And so the ALJ followed that rule exactly and the VE said no, there's other work in the funding. Because they were looking at the 55 block. Once you move into the 54, I'm sorry, the 54 age block, once you move into 55, you don't need the VE anymore. Well, but he did bring in the VE. Right. And the VE had the information that would give the age of the individual. So I'm not understanding why it makes a difference what the grids would or would not do once the VE, the vocational expert is brought in. You have to think of the age of 55 as a wall. And once you surmount that wall, nothing else really matters. There's a directed finding of disability. I'm still missing the significance of this. I have two problems with what you're arguing. First of all, as far as whether he took into account that she was closely approaching 55, he says in finding 7, she is currently 54 and an individual closely approaching advanced age. So it's evident that he did make a finding and did consider that she was closely approaching what they deemed to be advanced age. And second, and he said in his conclusion at paragraph 10, based on the testimony of the vocational expert, the undersigned concludes that considering the claimant's age, and then he goes on with educational experience and individual functional capacity. So it looks like he took her age into account. He says he did. 54. Well, he says that he took into account her age and he says that she's closely approaching advanced age. And the second concern I have is everybody's not entitled to go on Social Security disability when they hit 55. Of course. But she has the profile to fit that grid rule. I'm just arguing that I want the agency to follow its own rules here. Qualify? 55, she's qualified because of her lack of transferable skills and her less-than-light profile, period. That's really it. We're not arguing about whether she deserves disability benefits or any of the other intangible credibility and activities that are going on in this case. Everybody has been laid off in this recession, and this 55 is entitled to Social Security disability. No, sir. No, Your Honor. No, of course not, Your Honor. She's entitled because of the ALJ's findings. I'm just sticking to the findings of fact that the ALJ made that this Court does not need to revisit. I really want to focus the Court's attention on the ALJ. The four corners of the ALJ's findings are that, indisputably, she is of a less-than-light profile and she has no transferable skills. Less than what? She has no transferable skills and a less-than-light exertional level profile. She's somewhere between light and sedentary. When you hit light at age 55, if you have no transferable skills, the black letter law here is that you are disabled. So all the policy considerations that go into that that Your Honor is bringing up are, of course, valid, but they're not at issue today. It's not something that we can rectify today. She's disabled per the guidelines at age 55. The question is, getting back to the issue here. Which regulations specifically are you citing to when you say that a person is disabled? The GRIDS, the medical vocational guidelines. So you are relying on the GRIDS, then? Yeah, the GRIDS. The GRIDS are a framework for the GRIDS. Where in the GRIDS does it say that it trumps vocational expert testimony? It's a directed finding. It's GRID Rule 206, and I don't have the ‑‑ it's in my opening brief, and I can find that for you while my colleague is speaking and point you to the exact one. It does trump ‑‑ you don't need a VE at that point. You need a VE when the GRIDS don't exactly describe the finding that you must make. And that's why, at age 54, with a light profile with some other exertional or non-exertional limitations like she had, you do need a VE. You don't need the VE anymore once you hit 55. The question here is, she's 32 days away. She's in a borderline age situation. There's no question about that. The question here, and what we're arguing about, is does the ALJ need to provide rationale and say, I've considered the borderline age situation. The ALJ here, Catherine Lazarin, did not say this. She did not give any indication that she understood. Kennedy. She's an individual closely approaching advanced age. Is that enough? No. No, Your Honor, it's not. Well, let me ask you this. What are the elements which an ALJ must find in order to, according to you, apply the borderline age or not apply the borderline age? That's described in SSR 8310. And what it says is that you look at the distance from the 55th birthday. There are no fixed guidelines, however, because a mechanistic approach is prescribed. So case law and other circuits is looking at less than 6 months, but there's just no bright-line rule here, which I imagine is one of the reasons we're here today. Well, if you're looking at other circuits, don't you want to take a look at the Bowie case? I did look at the Bowie case, and I can distinguish it for you, Your Honor. First of all, But we haven't finished. Okay. Sorry. You say you take a look at the distance from the 55th year age. ALJ did that. Right. Well, the ALJ did not do that. Well, sure he did. He gave the date that she was born. Right. All right. Secondly, you say it's not mechanistic, whatever that might mean. However, that might help the ALJ. But what other elements should he consider in saying we are going to allow a 54-year-old, in this case, to be advanced age, but not going to allow a 54-year-old, in this case, to be advanced age? Does he have to take into consideration, for instance, her physical capabilities? Yeah, that's a great question. Well, I mean, is that what S.S. 8310 says? 8310 and the HALEX provisions that I cited talk about looking at it holistically. You look at the person's age. You look at the distance from 55. That's another abstraction which doesn't help. They are abstractions. They are. Tell me what he has to look for. Again, he has to look for other adverse vocational aspects of her, what she can do, despite her limitations. So if she's 54 and can do nothing, she's 55. If she's 54 and can do several things, she's 54. Is that what you're saying? No. There's no bright-line rule on this. It's subjective. It's case by case. Then how did he err? Suppose the ALJ had said she's 54 years old, there are no bright-line rules, I can't be mechanistic, I'm being holistic, and, therefore, I'm going to keep her at 54. I'm not here at 54. I wish she had said that. Well? That's all I'm asking, is that she provide some rationale instead of... Is that a rationale? Rationale. I was being ironic. It was great. It would have prevented me from bringing this case here today. It would have been enough, and it would have shown the ALJ's thinking. My problem with this case, and I know I'm running over, is that she didn't say that she understood that this was a borderline age issue, and that's really all that there is to it. Thank you so much. Counsel? Stephanie Martz, on behalf of the Commissioner of Social Security. I'd like to pick up where Ms. Isken left off. Can you prove that if she had the degree of disability that the ALJ finds, and if she had been 55, she would have been entitled to social security disability? If she had no transferable skills, yes, that is what the guideline rules say. And that is one distinct... So her disabilities were deemed severe enough? At age 55, yes, if she has no transferable skills. Is that an issue? The ALJ in this case made a finding that said that she had minimal transferable skills, didn't make a finding exactly what those transferable skills were, and didn't make any finding that there were skills that transferred to... So if she had been 55, she'd win, and the only question is whether the ALJ followed the rules on people approaching 55. Right. It does come down between this, is she 54 or is she 55? Well, so if the regulation says the ALJ needs to consider it in a borderline case, which makes sense if you're just a month away and it makes that crucial a difference, the ALJ should consider it, then why shouldn't the ALJ have to put something on the record that he or she considered it? Because otherwise, how does the appellate court review it? The appellate court would need to review under substantial evidence. And the question is, is the ALJ's choice in this case to use age 54 supported by substantial evidence? And that's the approach that the court took in Bowie. Well, the only substantial evidence the ALJ has to have to find age 54 applicable is the birth date. The regulations set forth that there is a consideration of whether or not there needs to be, that somebody has additional factors that would bump them up into the next category. What are those additional factors, please? The additional factors are not defined in the regulations. The best place that we can go for some examples of them, and I think, I don't know why, but because each case, all these cases are so fact-specific that to try to put out what in every single case would be determinative of what would be an adverse vocational factor would be quite difficult. So it's dependent. I'm sure you can note the frustration of my voice. I'm told that this is a case-by-case analysis. We have to be holistic and we have to take a look at the whole thing. And you're not giving, you and your colleague are not giving any rules which were violated by the ALJ in making the decision one way or the other. I don't believe the ALJ violated any rules. And I'm asking you, is there any rule that even allegedly he violated or she violated? No. The closest I can go to to give you some examples would be the HALEX provision, which is the internal agency operating guide that the ALJs are supposed to follow. And there are some examples that are given as to what would be considered as an adverse vocational factor. And some of them are, I mean, and these are just some examples, and it is somebody who is barely literate in English, has only a marginal ability to communicate, or has a history of work experience in an unskilled job in one isolated industry. Those are the types of cases that when you have that factor in conjunction with their education, their residual functional capacity, and the age. What counsel here has argued for is some more of a, almost a bright line in the opposite, that as long as you're close enough to age 55, we should just consider you to be age 55, which then eliminates the discretion. Did the ALJ make a mistake at finding three by saying that her impairments were severe, or did they become severe because she showed up at her doctor's office with alcohol on her breath, or what? I mean, I read the medicals here, and it looks like, yeah, she's not a healthy 25-year-old, but it's hard to see that they're severe. Do they qualify as severe under the Social Security rules, or did the ALJ make a mistake? At step two, minimal threshold, benefit of the doubt, is supposed to go to the claimant. She did have a back surgery. She did have multiple injuries to her knee, surgeries. That was enough to put her past that step two inquiry and keep proceeding through the sequential evaluation process. Does that make it severe? Yes. No kidding. I mean, the impairments are severe. That's just at the step two. But does that mean they're disabling? No. I mean, that's why there are five steps. No, we've said, for example, that where the ALJ wants to disregard the treating of the patient, the ALJ must consider the borderline situation. Why shouldn't we have a rule saying that if the ALJ makes a decision that she or he is going to put it on one side of the line rather than on the other side of the line, so here to say consider her to be 54 rather than 55, that the ALJ has to give some rationale so we can see if the rationale is supported by substantial evidence. I don't see how we can identify substantial evidence that supports the determination the ALJ made if there's nothing in the record. When it comes to credibility, the physician's opinions, the regulations themselves require that the ALJ provide some reasons for why, for example, for rejecting a physician's opinion. So the regulations require a reason. Here the regulations require consideration. They do not require that that consideration be in writing. It just says the ALJ will consider versus we will provide reasons. So I think there is a distinction between the regulatory framework upon which the case law has evolved from. So the claimant can never challenge the determination of the ALJ because the record is just silent and there isn't any need to put in an explanation. I mean, what if the person is one day away from being 55, and if they are 55, then they're entitled to disability payment? I believe that there could still be a challenge, which is why I think the Court's decision in the Sixth Circuit from Bowie is very instructive. Here is, and Bowie looked at the factors in that case. Were there any adverse vocational factors out there that were even being alleged? And because all we had, same kind of scenario. The allegation was simply, you didn't tell me that you considered it. And they said, okay, maybe not in every case. In some cases, the articulation might need to be there because there are some factors that are being alleged that apparently could have changed it. But here we're not even having, no one's alleging any factors here. The only thing we've heard is just simply the statement that I want her to say that she considered it. And because the ALJ didn't say I considered it, somehow that that's an error. But without any allegation of factors to consider to say, well, this would have made a difference, sending it back just simply to include the line to say it's been considered was rejected by the court in Bowie, partly because the regulations didn't require a procedure, procedurally require that the ALJ include that articulation. So here the ALJ brought in the vocational expert, and the vocational expert says the person is not disabled. And does that, is that sufficient to overcome any factors, or is that substantial evidence that it's okay to treat her as being 54 and not disabled? I think that that is a consideration. I mean, the ALJ ultimately makes the conclusion based on vocational expert's testimony, disabled or not. So the question is, does she have anything significant beyond a limitation to light work? And the vocational expert's testimony is telling, because there are jobs that somebody who is age 54, who is limited to light work, can perform. So I think it is instructive. But it's still ultimately up to the ALJ to decide if there's an adverse vocational factor out there that somehow would make somebody more in that 55 category than the 54 category. There's no further questions? Thank you. Thank you. Thank you. Thank you.
judges: Kleinfeld, Bea, Ikuta